IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA TEAL, #305729, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-94-WKW |
| ) | (WO) |
| ) | |
| ALA. DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Joshua Teal, a state inmate incarcerated at the Holman Correctional Facility. In this complaint, Teal challenges the constitutionality of conditions to which he is subjected while at Holman. Doc. 1 at 3-6. Holman is located in Atmore, Alabama, within the jurisdiction of the United States District Court for the Southern District of Alabama.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404(a).[1]

---

[1] Upon initiation of this civil action, Teal filed an application for leave to proceed *in forma pauperis*. Doc. 2. However, under the circumstances of this case, the court finds that a ruling on such application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Southern District of Alabama.

## II.  DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"  28 U.S.C. § 1404(a).

The Holman Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama.  Thus, the conditions about which Teal complains occurred or are occurring at a prison located in the Southern District of Alabama.  Although the Alabama Department of Corrections is headquartered in the jurisdiction of this court, it is clear from the complaint that the material witnesses and individuals actually responsible for the challenged conditions reside in the Southern District of Alabama and also that the evidence associated with the pending claims is located in the jurisdiction of that court.

For the foregoing reasons, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama in accordance with the provisions of 28 U.S.C. § 1404(a).

The plaintiff may file objections to the Recommendation of the Magistrate Judge on or before **February 25, 2020**.  Any objection by the plaintiff must specifically identify the findings in the Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate

---

[2] In transferring the instant case, the court makes no determination with respect to the merits of the claims presented or the propriety of the defendants named in the complaint.  The court notes that any deficiencies with the complaint should be addressed by the United States District Court for the Southern District of Alabama.

provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of February, 2020.

                                            /s/ Charles S. Coody
                                            UNITED STATES MAGISTRATE JUDGE